UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRENT AMOROSO, SCOTT CHISMAR, EDWARD GIARDINI, RICHARD JOSLYN, CLEMENT ROSSI, and BRADLEY WALTERS, as Trustees of the SOUTHERN TIER BUILDING TRADES WELFARE PLAN, and<br><br>LUBETH GREENE, as Fund Administrator of the LABORERS NATIONAL PENSION FUND, and<br><br>LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL UNION NO. 621,<br><br>Plaintiffs,<br><br>vs.<br><br>CERTIFIED SAFETY PRODUCTS OF NY, INC.,<br><br>Defendant. | **COMPLAINT**<br><br>**Civil Action No.** _____ |

Plaintiffs, Brent Amoroso, Scott Chismar, Edward Giardini, Richard Joslyn, Clement Rossi, and Bradley Walters, as Trustees of, and on behalf of, the Southern Tier Building Trades Welfare Plan, Lubeth Greene, as Fund Administrator of, and on behalf of, the Laborers National Pension Fund, and Laborers International Union of North America, Local Union No. 621, by and through their attorneys, Boylan Code LLP, for their Complaint against Defendant, Certified Safety Products, Inc. allege as follows:

## GENERAL BACKGROUND

1.  This is an action brought under the Employee Retirement Income Security Act ("ERISA"), 29 USC §1001, *et seq.*, and the Labor Management Relations Act ("LMRA"), 29 USC §141, *et seq.*, to recover delinquent employee benefit contributions and other amounts owed by Defendant under the terms of a collective bargaining agreement.

## PARTIES

2.  The Southern Tier Building Trades Welfare Plan (the "Welfare Plan") is an

"employee benefit plan," within the meaning of 29 USC §1002(3), and a "multiemployer benefit plan" within the meaning of 29 USC §1002(37)(A). The Welfare Plan is an entity authorized to sue in its own name pursuant to 29 USC §1132(d). The Welfare Plan was established to provide health and other welfare benefits for employees covered by collective bargaining agreements with specified local unions. Its principal place of business is 202 W. Fourth Street, Jamestown, New York 14701.

3. Brent Amoroso, Scott Chismar, Edward Giardini, Richard Joslyn, Clement Rossi, and Bradley Walters are the Trustees of the Welfare Plan and are authorized to act on behalf of the Welfare Plan.

4. The Laborers National Pension Fund (the "Pension Fund") is also an "employee benefit plan," within the meaning of 29 USC §1002(3), and a "multiemployer benefit plan" within the meaning of 29 USC §1002(37)(A). The Pension Fund is an entity authorized to sue in its own name pursuant to 29 USC §1132(d). The Pension Fund was established to provide retirement benefits for employees covered by collective bargaining agreements with local unions affiliated with the Laborers International Union of North America. Its principal place of business is 14140 Midway Road, Suite 105, Dallas, Texas 75244.

5. LuBeth Greene is the Fund Administrator of the Pension Fund, and, as such, is a fiduciary of the Pension Fund, and is authorized to act on behalf of the Pension Fund.

6. Laborers International Union of North America, Local Union No. 621 ("Local 621") is a "labor organization" within the meaning of 29 USC §152 and represents employees in an industry affecting commerce. Its principal place of business is 1521 North Union Street, Olean, New York 14760.

7. Upon information and belief, Defendant is a domestic corporation with a principal place of business at 807 State Route 417, Andover, NY 14806.

8. Upon further information and belief, Defendant is an "employer" engaged in "commerce," as those terms are defined in 29 USC §152.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 USC §1331, 29 USC §185(a), 29 USC §1132(e) and 29 USC §1132(f).

10. Venue is proper in the Western District of New York because the Welfare Plan maintains its principal place of business in the Western District of New York, the Welfare Plan is administered in the Western District of New York, Local 621 maintains its principal office in the Western District of New York, and Local 621 officers or agents are engaged in representing the individuals covered by the collective bargaining agreement at issue in this case in the Western District of New York.

## FACTS

11. In 2002, Local 621 and the Labor Relations Division Western New York Region Associated General Contractors of America, New York State Chapter, Inc. entered into a collective bargaining agreement (the "Agreement").

12. In August 2003, Defendant entered into a separate written instrument in which it agreed to be bound by each and all of the terms, conditions and provisions of the Agreement as an individual employer.

13. Article XXVIII of the Agreement states that the Agreement shall remain in full force and effect from April 1, 2002 to March 31, 2008, and during each calendar year thereafter, unless on or before the 30th day of January 2008 or any year thereafter, written notice of change to the Agreement is served by either party upon the other party.

14. The Agreement has remained in full force and effect at all times relevant to this action.

15. The Agreement imposes obligations upon Defendant with respect to Defendant's employment of persons covered by the Agreement.

16. For those months in which Defendant employs persons covered by the Agreement, the Agreement requires the Defendant to pay monies to the Welfare Plan and to the Pension Plan based on the number of hours worked for Defendant by those persons multiplied times the rates determined pursuant to the Agreement.

17. The Agreement also requires Defendant to submit monthly reports (each a "Report") to the Welfare Plan and Pension Plan identifying persons employed by Defendant during the month and covered by the Agreement. These Reports are also used to calculate monies owed by Defendant under the Agreement.

18. Under the Agreement, the Report and monies due the Welfare Plan and Pension Plan for hours worked for Defendant in each calendar month by employees covered by the Agreement are due in the Welfare Plan Office and the Pension Plan Office, respectively, by the fifteenth day of the following calendar month.

19. The Welfare Plan and Pension conducted an audit of Defendant's records to identify persons covered by the Agreement and employed by Defendant during the period beginning January 1, 2007 and ending July 31, 2013 (the "Audited Period"), and the number of hours worked for Defendant during the Audited Period by each such employee.

20. Based on the audit, Defendant failed to report, or under-reported, to the Welfare Plan hours worked for Defendant during the Audited Period by employees covered by the Agreement, and owes the Welfare Plan $32,046.80 for those hours.

21. Some of the monies owed to the Welfare Plan under the Agreement are employee benefit plan contributions required under ERISA (such monies are hereinafter referred to as ERISA contributions). A portion of these ERISA Contributions is payable to provide benefits under the Welfare Plan. The remainder of the ERISA Contributions is payable to the Welfare Plan as agent for one or more other "multiemployer benefit plans" within the

meaning of 29 USC §1002(37)(A). By written agreement, these other multiemployer benefit plans have authorized the Welfare Plan to act as agent for the collection of amounts owed under the Agreement.

22.  Based on the audit, Defendant failed to report, or under-reported, to the Pension Plan hours worked for Defendant during the Audited Period by employees covered by the Agreement, and owes the Pension Plan ERISA Contributions totaling $19,425.02 for those hours.

23.  In addition to ERISA Contributions, based on the audit, Defendant owes the Welfare Plan, as agent for Local 621, other monies totaling $7,704.50 for hours worked for Defendant during the Audited Period by employees covered by the Agreement and which Defendant failed to report, or under-reported to the Welfare Plan (these monies are hereinafter referred to as LMRA Monies).

24.  Notwithstanding demand for payment, Defendant has failed to pay ERISA Contributions and LMRA Monies to the Welfare Plan and Pension Fund for hours worked for Defendant during the Audited Period by employees covered by the Agreement, in breach of the Agreement and in violation of 29 USC §1145.

### FIRST CAUSE OF ACTION

25.  Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

26.  Defendant's failure to pay to the Welfare Plan ERISA Contributions for all hours worked for Defendant during the Audited Period by employees covered by the Agreement constitutes a breach of the Agreement and a violation of 29 USC §1145.

27.  As a result of Defendant's breach of the Agreement and violation of 29 USC §1145, the Welfare Plan is entitled, under 29 USC §1132(g)(2)(A) and 29 USC §1132(g)(2)(B), to such unpaid ERISA Contributions, plus interest on such unpaid ERISA contributions.

28. Under 29 USC §1132(g)(2)(C), the Welfare Plan is also entitled to liquidated damages equal to the amount of interest on such ERISA Contributions.

29. Under 29 USC §1132(g)(2(D) and under the Agreement, the Welfare Plan is entitled to its reasonable attorneys' fees and the costs of this action.

### SECOND CAUSE OF ACTION

30. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

31. Defendant's failure to pay to the Pension Fund ERISA Contributions for all hours worked for Defendant during the Audited Period by employees covered by the Agreement constitutes a breach of the Agreement and a violation of 29 USC §1145.

32. As a result of Defendant's breach of the Agreement and violation of 29 USC §1145, the Pension Fund is entitled, under 29 USC §1132(g)(2)(A) and 29 USC §1132(g)(2)(B), to such unpaid ERISA Contributions, plus interest on such unpaid ERISA contributions.

33. Under 29 USC §1132(g)(2)(C), the Pension Fund is also entitled to liquidated damages equal to the amount of interest on such ERISA Contributions.

34. Under 29 USC §1132(g)(2(D) and under the Agreement, the Welfare Plan is entitled to its reasonable attorneys' fees and the costs of this action.

### THIRD CAUSE OF ACTION

35. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 34 of this Complaint, as though fully set forth herein.

36. Defendant's failure to pay LMRA Monies for hours worked for Defendant during the Audited Period by employees covered by the Agreement constitutes a breach of the Agreement.

37. As a result of Defendant's breach of the Agreement, Local 621 is entitled to such unpaid LMRA Monies, plus interest on such unpaid LMRA Monies.

**WHEREFORE**, Plaintiffs respectfully request an Order providing the following relief:

A.  On the First Cause of Action, requiring Defendant to pay to the Welfare Plan:

   1.  $32,046.80 for ERISA Contributions due and owing from Defendant and attributable to hours during the Audited Period by employees covered by the Agreement, pursuant to 29 USC §1132(g)(2)(A); and

   3.  Interest on all such unpaid ERISA Contributions, pursuant to 29 USC §1132(g)(2)(B); and

   4.  Liquidated damages, pursuant to 29 USC §1132(g)(2)(C), in an amount equal to the amount of interest owed on such ERISA Contributions; and

   5.  The Welfare Plan's reasonable attorneys' fees and costs of this action, pursuant to 29 USC §1132(g)(2)(D).

B.  On the Second Cause of Action, requiring Defendant to pay to the Pension Fund:

   1.  $19,425.02 for ERISA Contributions due and owing from Defendant to hours during the Audited Period by employees covered by the Agreement, pursuant to 29 USC §1132(g)(2)(A); and

   3.  Interest on all such unpaid ERISA Contributions, pursuant to 29 USC §1132(g)(2)(B); and

   6.  Liquidated damages, pursuant to 29 USC §1132(g)(2)(C), in an amount equal to the amount of interest owed on such ERISA Contributions; and

   7.  The Pension Fund's reasonable attorneys' fees and costs of this action, pursuant to 29 USC §1132(g)(2)(D).

B.  On the Third Cause of Action, requiring Defendant to pay to the Welfare Plan as agent for Local 621:

   1.  $7,704.50 for the LMRA Monies due and owing from Defendant for hours during the Audited Period by employees covered by the Agreement; and

   2.  Interest on all such unpaid LMRA Monies.

F.   On all Causes of Action, such other legal or equitable relief as the Court deems appropriate, pursuant to pursuant to 29 USC §1132(g)(2)(E).

Dated:  September 24, 2013

**BOYLAN CODE LLP**
Attorneys for Plaintiffs

By: _____
Mark A. Costello, Esq.
Culver Road Armory
145 Culver Road, Suite 145
Rochester, New York 14620
Tele: 585-232-5300